UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

ROYAL CAR CENTER, INC.,
a Michigan for-profit corporation,

      Plaintiff,

-v-

MANNHEIM LUXURY MOTORS, INC.,
an Illinois for-profit corporation, and
MOHMMED KOUK, an individual,
jointly and severally,

      Defendants.

Case No: 2:22-cv-
Hon.:
Mag.:

_____/

ADVANTA LAW FIRM
Mohamed Zaher (P52020)
Ahmad Zaher (P85054)
Attorneys for Plaintiff
24300 Southfield Rd., Ste. 210
Southfield, MI 48075
(248) 281-6299
_____/

There is no pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs, by and through their attorneys, ADVANTA LAW FIRM, and for their Verified Complaint and Jury Demand against Defendants, states the following in support:

### JURISDICTION AND VENUE

1. This is an action for state-law civil claims involving breach of contract, unjust enrichment, promissory estoppel, fraud, conversion, and corporate alter ego theories of liability.

1

2. Plaintiff, ROYAL CAR CENTER, INC., is a Michigan for-profit corporation that currently conducts business at 16630 W. Warren Ave., Detroit, Wayne County, Michigan 48228.

3. Defendant, MANNHEIM LUXURY MOTORS, INC, is a Michigan for-profit corporation that currently conducts business at 1748 Mannheim Rd, Stone Park, Cook County, Illinois 60165.

4. Defendant, MOHMMED KOUK, is an adult resident of the State of Illinois who, upon information and belief, currently resides at 5724 W MONTROSE AVE APT 1, CHICAGO, COOK COUNTY, ILLINOIS 60634.

5. 28 USC 1332 provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) Citizens of different States" 28 USC 1332(a)(1).

6. Plaintiff is a corporation with headquarters and with its principal place of business in the state of Michigan.

7. Defendants are both a corporation with headquarters and with its principal place of business in the state of Illinois, as well as an individual domiciled in the state of Illinois.

8. Because there exists diversity of citizenship under 28 USC 1332(a)(1) and the amount in controversy exceeds $75,000.00, as required by 28 USC 1332(a), both counts are within the original jurisdiction of this Court.

9. Venue is proper in this judicial district under 28 USC Sec. 1391(b)(1) and (2).

### GENERAL FACTUAL ALLEGATIONS

10. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

11. Defendant, MANNHEIM LUXURY MOTORS, INC. by and through its President, MOHMMED A KOUK, conducted one or more transactions for the purchase of used automobiles from Plaintiff.

12. That based on the trust and relationship developed between the parties, Plaintiff agreed to sell Defendant, Mannheim Luxury Motors, two (2) automobiles –the first, being a 2020 Mercedes-Benz GLE350 SUV, with VIN Number 4JGFB4KB7LA013364, for an agreed upon purchase price of $62,740.00.  See Exhibit "A" – Application for Title.

13. That further, based on the trust and relationship developed between the parties, Plaintiff agreed to sell Defendant, Mannheim Luxury Motors, a second vehicle, a 2022 Toyota Sienna Minivan, with VIN Number 5TDXRKEC5NS086672, for an agreed upon purchase price of $56,040.00.  See Exhibit "B" – Application for Title.

14. Defendant, Mannheim Luxury Motors, Inc., by and through its president, Mohmmed Kouk, made representations that Plaintiff should wait to deposit the check until the next business day.

15. However, when Plaintiff followed Defendant's instructions – the checks were returned on an "NSF" basis (non-sufficient funds).  See Exhibit "C" – Checks, Proof of Deposit Attempts, and Proof they were returned for insufficient funds.

16. Despite numerous demands from Plaintiff to Defendants, the vehicles were taken, and have not been returned, and funds have not been tendered.

17. Currently, Defendants have deprived plaintiff of two (2) automobiles, and have not tendered the agreed-upon purchase price of $118,780.00.

18. Defendants' Website is still operational and demonstrates that Defendant continues to do business, holding approximately 49 automobiles in inventory for retail sale, however, the

two vehicles that Defendants took from Plaintiff without providing appropriate compensation are not listed on their website, implying they have been sold or otherwise disposed of.

19. Defendants are subject to the powers of this Court. Michigan's long-arm statute plainly reads that act and consequences of an act must have occurred in Michigan for Michigan to exercise personal jurisdiction over defendant. *Green v Wilson*, 455 Mich 342, 565 NW2d 813 (1997).

20. Here, the transactions took place in Michigan, Defendants solicited Plaintiffs in Michigan for the purchase of numerous used automobiles. Defendants also retrieved the merchandise from Plaintiff's possession in Michigan.

## COUNT I – BREACH OF CONTRACT

21. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

22. The Agreement identified above as Exhibits "A", and "B", coupled with the check payments in Exhibit "C" constitutes a valid contract between Plaintiff, and Defendants for the sale of two (2) automobiles.

23. At all times relevant to this matter, Plaintiff complied with its obligations under the contract between the parties.

24. Defendants have violated the covenants included in the contract by taking two (2) vehicles from Plaintiff and refusing to provide the agreed-upon compensation in return, instead remitting fraudulent checks that did not cash due to insufficient funds.

25. The conduct of Defendants as outlined above constitutes material breaches of contract.

26. As a direct and proximate result of Defendant's material breaches of contract, Plaintiff has been damaged, and continues to suffer damages, in an amount in excess of $118,780.00.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a Judgment in its favor against Defendants, jointly and severally, in an amount in excess of $118,780.00 to which it is found to be entitled, plus all applicable costs, interest, and attorney's fees.

## COUNT II – UNJUST ENRICHMENT

27. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

28. Defendants have benefitted greatly from their conduct as outlined above, all to Plaintiff's detriment.

29. This constitutes an unjust enrichment of Defendants at Plaintiff's expense.

30. It would be inequitable to allow Defendants to retain this benefit without compensating Plaintiff for its damages.

31. That further, as a result of Defendant's conduct as outlined above, Plaintiff was forced to retain an attorney and has incurred additional costs.

32. Plaintiff, comes to this Court with clean hands and is entitled to an award of damages in an amount to which it is found to be entitled, to avoid an inequity to Plaintiff. *Rose v Nat'l Auction Group*, 466 Mich 453, 646 N.W.2d 455 (2002).

33. As a direct and proximate result of the unjust enrichment of Defendants, Plaintiff has been damaged in an amount in excess of $118,780.00, in addition to costs, interest, and attorney fees.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a Judgment in its favor against Defendants, jointly and severally, in an amount in excess of $118,780.00 to which it is found to be entitled, plus all applicable costs, interest, and attorney's fees.

### COUNT III – CONVERSION

34. Plaintiffs incorporates and realleges all above paragraphs as if set forth in full herein.

35. Defendants took control of Plaintiff's vehicles through false pretenses, and those vehicles were wrongfully absconded with, and therefore misappropriated without rightfully compensating Plaintiff.

36. The vehicles were permitted to be taken by Defendants in exchange for the promise of funds that were not tendered.

37. Defendants have not made any distributions of the funds to Plaintiff; instead converting the vehicles to their own use and benefit.

38. Plaintiff has repeatedly, both orally and in writing, demanded payment for the vehicles, or alternatively, their return, to which Plaintiff is entitled.

39. Defendants have both expressly and by silence, refused to remit payment to Plaintiff or return the vehicles.

40. The acts described above constitute an unlawful conversion of Plaintiff's property, resulting in damages to Plaintiff.

41. Plaintiffs are also entitled to treble damages pursuant to Michigan law.

42. As a direct and proximate result of Defendant's unlawful conversion, Plaintiff has suffered damages that were reasonably foreseeable by the Defendant and are entitled to recover a sum certain with treble damages.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a Judgment in its favor against Defendants, jointly and severally, in an amount in excess of $356,340.00 to which it is found to be entitled, plus all applicable costs, interest, and attorney's fees.

### COUNT IV – FRAUD

43. Plaintiffs incorporates and realleges all above paragraphs as if set forth in full herein.

44. Defendants intentionally made false representations of material facts to Plaintiff regarding their ability and/or intent to fully perform their obligations under the agreements outlined throughout this verified pleading.

45. Defendants intentionally made false representations of material facts to Plaintiff, regarding the necessity for Plaintiff to delay depositing the checks, as outlined above.

46. Defendant, Mohmmed Kouk, made representations that the checks would cash if Plaintiff waited to cash them.

47. Defendants knowingly and intentionally acted in concerted action to take vehicles rightfully belonging to Plaintiff that were agreed to be sold for compensation in the form of $118,780.00.

48. Defendants' representations were false when they were made.

49. Defendants' actions and conduct were deliberate and committed with malice aforethought.

50. Defendant Mohmmed Kouk took two vehicles to Illinois, issuing two checks in the name or the corporation, despite the inability to cover the checks, and refuses to return the vehicles.

51. Defendants knew their representations were false when they were made, or they made them recklessly, without knowing whether they were true.

7

52. Defendants intended that Plaintiff, rely on said representations and conduct.

53. Plaintiff relied on said false representations and deceptive acts in entering into the Agreement attached hereto as Exhibit "B."

54. As a direct and proximate result of Defendants' false representations and deceptive conduct, Plaintiff suffered severe economic damages for the fraud procured as well as having to retain counsel to pursue this matter.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a Judgment in its favor against Defendants, jointly and severally, in an amount in excess of $118,780.00 to which it is found to be entitled, plus all applicable costs, interest, and attorney's fees.

### COUNT V – INNOCENT MISREPRESENTATION

55. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

56. Defendants' representations, as set forth in the preceding paragraphs, were made in connection with the withholding of funds rightfully belonging to Plaintiff, as outlined throughout this pleading.

57. Plaintiff would not have entered into the agreement between the parties if Defendants had not made the representations described above.

58. As a direct and proximate result of Defendants' false representations, Plaintiff suffered severe economic damages for the fraud procured as well as having to retain counsel to pursue this matter.

WHEREFORE, Plaintiff, TOAST ENTERPRISES, LLC, respectfully requests that this Honorable Court enter a Judgment in its favor against Defendants, jointly and severally, in an amount in excess of $118,780.00 to which it is found to be entitled, plus all applicable costs, interest, and attorney's fees.

## COUNT VI – PROMISSORY ESTOPPEL

59. Plaintiffs incorporates and realleges all above paragraphs as if set forth in full herein.

60. Defendants assured Plaintiff, that if Plaintiff delayed on cashing the checks for a given period of time, the checks would be sure to clear, and requested to take the vehicles from Plaintiff's possession without actually having the funds to do so.

61. Due to Defendant's promise, Plaintiff, relied on said assurances to his detriment, releasing the vehicles and waiting to cash the check payments in Exhibit "C".

62. It was foreseeable that Plaintiff would rely on Defendant's promises in entering into the agreement to sell the automobiles to Defendants.

63. Plaintiff has suffered damages as a result of his reliance upon Defendant's promises.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount not less than $118,780.00 to which he is found to be entitled, together with court costs, interest, and attorney fees, and any other relief this Court deems just and equitable.

## COUNT VII – SUCCESSOR LIABILITY

64. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

65. Defendant, Mannheim Luxury Motors, Inc. is a mere instrumentality of Defendant, Mohmmed Kouk.

66. Defendants clearly established Mannheim Luxury Motors for the purpose of wrongfully avoiding debts and liabilities for his conduct, as outlined herein.

67. Mohmmed Kouk, in exercising his position as president of Mannheim Luxury Motors, Inc., made fraudulent and deceitful representations concerning his ability to pay for the aforementioned merchandise.

68. Mannheim Luxury Motors is a mere instrumentality or alter ego of Mohmmed Kouk, and Defendant is using it interchangeably to avoid debts and liabilities.

69. Defendant exercises control over Mannheim Luxury Motors, Inc.

70. Defendant used the corporate entity to commit a fraud or wrong on Plaintiff by falsely claiming that Plaintiff would be compensated for the sale of the two vehicles.

71. Defendants acted fraudulently, oppressively, and in contravention of the express terms of the parties' agreement with full knowledge of the consequences and damages to Plaintiffs.

72. As a result, Plaintiff has suffered severe economic injury.

73. Plaintiffs therefore seek that this Court use its equitable powers to pierce the corporate veil and find the Defendant, Mohmmed Kouk personally liable to Plaintiff in an amount in excess of $118,780.00.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a Judgment in its favor against Defendants, jointly and severally, in an amount in excess of $118,780.00 to which it is found to be entitled, plus all applicable costs, interest, and attorney's fees.

Respectfully submitted,
ADVANTA LAW FIRM

DATED: NOVEMBER 8, 2022

By: *Mohamed Zaher*
Mohamed Zaher (P52020)
Attorney for Plaintiff

### JURY DEMAND

Plaintiff hereby demands a jury trial in this matter.

                                                Respectfully submitted,
                                                ADVANTA LAW FIRM

DATED: NOVEMBER 8, 2022

                                                By:*Mohamed Zaher*
                                                Mohamed Zaher (P52020)
                                                Attorney for Plaintiff