UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYAL CAR CENTER, INC.,

    Plaintiff,

v.

MANNHEIM LUXURY MOTORS, INC.,
*et al.*,

    Defendants.

Case No. 22-cv-12691
Hon. Matthew F. Leitman

_____/

## ORDER DENYING MOTION FOR ALTERNATE SERVICE (ECF No. 10) WITHOUT PREJUDICE

In this civil action, Plaintiff Royal Car Center, Inc. ("Royal Car Center") brings a number of state-law claims against Defendants Mannheim Luxury Motors, Inc. and Mohmmed Kouk. On March 2, 2023, Royal Car Center filed a Motion for Alternate Service. (*See* Mot., ECF No. 10.) In that motion, Royal Car Center seeks permission to use means of alternate service with respect to Kouk. Royal Car Center explains that, while it was able to serve copies of the Summons and Complaint upon Defendant Mannheim Luxury Motors, Inc., it has not been able to serve Defendant Mohmmed Kouk. (*See id.*, PageID.45.) Royal Car Center therefore asks the Court for an extension of the summons and for permission to serve Kouk by "first class mail, certified mail, or by mean[s] that the [Court] deem[s] sufficient." (*Id.*,

1

PageID.45.) For the reasons explained below, Royal Car Center's Motion is **DENIED.**

I

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." In turn, Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or nonresident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

Michigan Court Rule 2.105(J) further provides that substituted service may be appropriate under some circumstances:

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

## II

Royal Car Center has not made the requisite showing that it engaged in "a truly diligent search" for Defendant Kouk. In its motion, Royal Car Center only explains that it attempted to serve Kouk by certified mail to Kouk's last known address, but the post office indicated that there was "no authorized recipient available." (Mot., ECF No. 10, PageID.45.) It does not seem that Royal Car Center has hired a process server to attempt to serve Kouk personally or that Royal Car Center has taken any other steps beyond a single certified mailing to locate and serve Kouk. Based on the facts in the record, Royal Car Center has not sufficiently shown

that service of Kouk "cannot reasonably be made" under the usual methods for service of an individual under the Michigan Court rules: personal service and service by registered or certified mail. Royal Car Center's Motion for Alternate Service (ECF No. 10) is therefore **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126